**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2009

No. 08-51228
Conference Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IGNACIO HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1879-ALL

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Ignacio Hernandez appeals the sentence imposed following his guilty plea conviction to illegal reentry of a previously deported alien, arguing that his sentence is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a). Hernandez argues, for the purpose of preserving the issue for possible Supreme Court review, that his within-guidelines sentence should not be presumed reasonable because U.S.S.G. § 2L1.2 is not empirically based and thus

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is flawed under *Kimbrough v. United States,* 128 S. Ct. 558 (2007). He argues that his sentence is greater than necessary to meet the sentencing goals of § 3553(a) because the Sentencing Guidelines account for his prior conviction both to increase his offense level and to calculate his criminal history score. Hernandez further contends that the guidelines range overstated the seriousness of his offense because his conduct was not violent and that the guidelines range did not properly account for his personal history and characteristics, including his work history and his motive for reentering.

In reviewing a sentence, we "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 128 S. Ct. 586, 597 (2007). Hernandez did not raise in the district court his arguments that § 2L1.2 lacked empirical support, that his prior offense was "double counted" in calculating his advisory guidelines range, or that the guidelines range overstated the seriousness of his offense and did not properly account for his personal history and characteristics. We therefore review these arguments for plain error. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008).

This court has rejected the argument that the presumption of reasonableness should not apply to within-guidelines sentences, when the guidelines range was calculated pursuant to § 2L1.2, an "allegedly non-empirically-grounded provision[] of the Guidelines." *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009)*, cert. denied*, 2009 WL 3162196 (Oct. 5, 2009) (No. 09-6195); *see also United States v. Mondragon-Santiago,* 564 F.3d 357, 366-67 (5th Cir. 2009), *cert. denied,* 2009 WL 1849974 (Oct. 5, 2009) (No. 08-11099). Hernandez's argument that his sentence is unreasonable because the guidelines range was greater than necessary to meet § 3553(a)'s goals as a result of "double counting" also is unavailing. *See Duarte*, 569 F.3d at 529-31.

Hernandez has not shown an abuse of discretion by the district court. *See Gall*, 128 S. Ct. at 596-97.  Because Hernandez has not shown that his sentence is unreasonable, he has not shown error, plain or otherwise.  The district court's judgment is AFFIRMED.